There's only ten minutes. The next case called for oral argument is People vs. Stanley. Good morning, Your Honor. Good morning. May it please the court. Both parties agree in this case that Officer Whitehead's initial encounter with the defendant's property was not unlawful in any way. It was, in fact, a consensual encounter, and both parties agree to that. After this point, the parties differ. In this case, the trial court properly concluded that the question to be decided was whether the officer was lawfully and reasonably initially on the premises when he noticed the harsh, sharp, and stinky odor of anhydrous ammonia emanating from the defendant's backyard. It was the smell of this anhydrous ammonia which led to the discovery of it in various bags lying on the lawn in the defendant's backyard towards the back corner of his property. Officer Whitehead was familiar with the smell of anhydrous ammonia. He was aware of its toxic nature and the dangers posed to human life due to exposure to it. A warrantless search under the emergency assistance exception to the warrant requirement is valid where there are reasonable grounds to believe that there is an emergency that requires the intrusion and there is a reasonable basis approximating probable cause to associate the emergency with the area searched. In this case, Officer Whitehead limited his search only to the area of the source of the odor, which was in the defendant's backyard, and the case law indicates that the plain view doctrine also extends to plain smells, anything that the officer can detect with his five senses. The plain smell of the anhydrous ammonia led to the officer's reasonable action to locate its source. As Officer Whitehead got closer to the backyard, the smell got more and more intense. As Whitehead got to the corner of the property, he saw batteries and coffee filters commonly used to make methamphetamine lying on the ground. In People v. Haycraft, this court noted that the seizure of property in plain view involves no invasion of privacy and is presumptively reasonable, assuming there is probable cause to associate the property with criminal activity. I believe that's exactly what we have in this case. In the state of Illinois, it is unlawful to possess anhydrous ammonia in an unauthorized container. The intense smell coming from the backyard is indicative that the anhydrous ammonia was not in a lawful container. And in Illinois, not just anyone can possess anhydrous ammonia. It is established by the People v. Davidson case by the Supreme Court in 2009 that it's a dangerous substance and it's, in fact, a poisonous gas. It's also established the defendant did not reside on a farm. So under the circumstances, the trial court properly denied the defendant's motion to suppress and properly convicted him of possession of anhydrous ammonia in an unauthorized container. In these types of cases, the overarching issue is reasonableness. And the People would submit that what Officer Whitehead did in this case was perfectly reasonable. He had a duty under the emergency assistance exception to seek out the source of that toxic smell. Had he left the property to go and obtain a warrant, it's highly likely that the defendant would not be there and he could have easily stepped on the contents of the plastic bag, caused those to spill out into the ground, which would have caused a toxic chemical spill. A certified lab dismantler had to come to the property to dismantle this methamphetamine, the makings of a methamphetamine lab, and it's conclusively established that the liquid contained within the baggies was, in fact, anhydrous ammonia. The People would, therefore, respectfully request this Court affirm the decision of the trial court. Absent any questions, that's all I have for today. I don't think there are any. Thank you. Thank you, Counsel. We appreciate your careful argument.